# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:14-CV-655-RLV-DCK

| | |
|---|---|
| LIBBY DEREECE MYERS, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on *pro se* Plaintiff's the "Summary Judgment 'Brief'" (Document No. 12) and Defendant's "Motion For Summary Judgment" (Document No. 15). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, the administrative record, and applicable authority, the undersigned will respectfully recommend that the "Summary Judgment 'Brief'" be denied; that Defendant's "Motion For Summary Judgment" be granted; and that the Commissioner's decision be affirmed.

## I. BACKGROUND

Plaintiff Libby Dereece Myers ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). The crux of Plaintiff's Complaint is that the Social Security Administration and/or the Administrative Law Judge failed to consider evidence that supports a finding that Plaintiff is disabled and legally blind. Id.

On September 15, 2011, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405,

alleging an inability to work due to a disabling condition beginning June 1, 2007. (Transcript of the Record of Proceedings (Document No. 10) ("Tr.") 9). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on or about November 22, 2011, and again after reconsideration on February 6, 2012. (Tr. 9, 83, 88). In its "Notice of Reconsideration," the Social Security Administration ("SSA") included the following explanation of its decision:

> On your application **you stated you were disabled because of depression, bipolar, fibromyalgia, herniated disc, back injuries, Hepatitis C**. In order to get benefits, disability had to be established on or before 12/31/2009 because insurance coverage ended on that date. The medical evidence shows that your condition was not severe enough prior to the end of your insured period to be considered disabling.
> Your mental condition was not severe enough prior to the end of your insured period to be considered disabling. You were able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties.
> The records show that your impairment was not severe enough prior to yo[u]r date last insured to confirm a disabling impairment. The evidence does not show a condition that would prevent most work-related activities. Therefore, based on all of the medical and non-medical evidence, we have decided that you were not disabled on or before coverage ended according to the Social Security Act.

(Tr. 88) (emphasis added).

Plaintiff filed a timely written request for a hearing on March 28, 2012. (Tr. 9, 92 ). On July 1, 2013, Plaintiff appeared and testified at a hearing before Administrative Law Judge Jane A. Crawford ("ALJ"). (Tr. 9, 19-64). In addition, Selena Earle, a vocational expert ("VE"), appeared at the hearing; and Plaintiff's husband, Jeff Huggins, appeared as a witness. (Tr. 19, 21, 61-63). Although informed of the right to representation, Plaintiff chose to appear and testify without the assistance of an attorney or other representative. (Tr. 27).

2

The ALJ issued an unfavorable decision on October 11, 2013, denying Plaintiff's claim. (Tr. 6-18). Plaintiff filed a request for review of the ALJ's decision on or about October 24, 2013, which was denied by the Appeals Council on September 19, 2014. (Tr. 1-5). The Appeals Council specifically noted that it considered records from the North Carolina Division of Services for the Blind and Gaston Eye Associates, LP, but "found this information does not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2, 4) (citing Tr. 196-197, 469-471, 472-473). The October 11, 2013 ALJ decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

Plaintiff's "Complaint" seeking a reversal of the ALJ's determination was filed in this Court on November 25, 2014. (Document No. 1). Plaintiff's the "Summary Judgment 'Brief'" (Document No. 12) was filed April 1, 2015. On April 2, 2015, the undersigned was assigned to this case as the referral magistrate judge. Defendant's "Motion For Summary Judgment" (Document No. 15) and "Memorandum In Support Of The Commissioner's Decision" (Document No. 16) were filed June 2, 2015.

Pursuant to the Court's "Order" (Document No. 14), Defendant filed a "Status Report" (Document No. 17) on June 8, 2015, and Plaintiff filed a "Status Report …." (Document No. 18) on June 9, 2015. The Status Reports indicate that the parties agree that the ruling in <u>Mascio v. Colvin</u>, 780 F.3d 632 (4th Cir. 2015) is not implicated by this case. (Document Nos. 17, 18). "Plaintiff's Response To The June 2, 2015 Memorandum And Motion For Summary Judgement By Defendants" (Document No. 19) was filed June 15, 2015.

The pending motions are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is now appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, at any time between June 1, 2007, and the Plaintiff's date last insured .[1] (Tr. 9). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

> (1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;
>
> (2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;
>
> (3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;
>
> (4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and
>
> (5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

20 C.F.R. § 404.1520(a)(4)(i-v).

---

[1] Under the Social Security Act, 42 U.S.C. § 301, the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

The burden of production and proof rests with the claimant during the first four steps; if claimant is able to carry this burden, then the burden shifts to the Commissioner at the fifth step to show that work the claimant could perform is available in the national economy. Pass, 65 F.3d at 1203. In this case, the ALJ determined at the fourth step that Plaintiff was not disabled. (Tr. 16).

First, the ALJ determined that Plaintiff had not engaged in any substantial gainful activity since June 1, 2007, through her date last insured of December 31, 2009. (Tr. 11). At the second step, the ALJ found that lumbar radiculopathy, mood disorder, and mild bipolar disorder, were severe impairments.[2] Id. At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, and Appendix 1. (Tr. 12-13).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work activity, with the following limitations:

> she can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs; she cannot climb ladders, ropes, and/or, scaffolds; she is limited to simple, routine, repetitive tasks that do not require adherence to strict production quotas; and she is limited to occasional contact with the public.

(Tr. 14). In making her finding, the ALJ specifically stated that she "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and SSRs 96-4p and 96-7p" and "considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and SSRs 96-2p, 96-5p, 96-6p and 06-3p." Id.

---

[2] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

At the fourth step, the ALJ held that Plaintiff could perform her past relevant work as a housekeeper. (Tr. 16). Moreover, the ALJ went on and made alternative findings at the fifth and final step of the sequential evaluation process. Id. Specifically, the ALJ concluded based on the testimony of the VE, and "considering the claimant's age, education, work experience, and residual functional capacity, there were other jobs that existed in significant numbers in the national economy that claimant could have also performed." (Tr. 16).

The VE testified that according to the factors given by the ALJ, occupations claimant could perform included small parts assembly worker, electronics worker, and mail clerk. (Tr. 17). In addition, the VE testified that at the sedentary level Plaintiff could work as a surveillance system monitor, document preparer, and final assembler. (Tr. 63). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between June 1, 2007 and her date last insured, December 31, 2009. (Tr. 17-18).

\* \* \*

Plaintiff on appeal to this Court suggests that the ALJ and/or SSA erred by failing to consider Plaintiff's allegations and evidence of visual impairment. (Document No. 12). Plaintiff's concise summary judgment brief is entirely focused on her contention that evidence existed that she is/was "legally blind," but that such evidence was not in the record until 2014. Id. Plaintiff appears to acknowledge that such evidence was available to the Appeals Council before its final decision on or about September 19, 2014.

As noted above, the "Notice Of Appeals Council Action" cites evidence from the North Carolina Services for the Blind and Gaston Eye Associates, LLP – the same evidence attached to Plaintiff's Complaint. See (Document No. 1, pp.3-5); see also (Tr. 1-4, 196-197, 469-471, 472-

473). Nevertheless, the Appeals Council held that this information did not provide a basis for changing the ALJ's decision. (Tr. 2).

In support of the Commissioner's decision, Defendant argues that the record does not support Plaintiff's allegation that she is disabled due to being legally blind. (Document No. 16, p.3). Rather, Defendant asserts that the record shows that Plaintiff has astigmatism and has prescription eyeglasses. Id. (citing Tr. 468, 473). Although Plaintiff alleges she was "certified legally blind in time 10/30/09," shortly before her date last insured of December 31, 2009, Defendant contends that the paperwork dated October 30, 2009 from Gaston Eye Associates indicates she had a visual acuity of 20/25 in her right eye, 20/20 in her left eye, and received an eyeglass prescription. (Document No. 16, p.7) (citing Tr. 472-473). Defendant contends that this evidence does not indicate Plaintiff is legally blind. (Document No. 16, p.7).

In addition, Defendant observes that the notes from Plaintiff's eye examination on October 30, 2009, show that she "has a full visual field, pupils are within normal limits, motility is full, and her cornea is clear." (Document No. 16, p.8) (citing Tr. 473). Moreover, Defendant explains that other notations in the record regarding Plaintiff's eyes fail to indicate a severe vision problem. Id.

In its memorandum, Defendant notes that under section 216(i)(1) of the Act, "blindness; and the term 'blindness' means central visual acuity of 20/200 or less in the better eye with the use of a correcting lens." (Document No. 16, pp.6-7) (quoting 42 U.S.C. § 416(i)(1)). The undersigned observes that the Public Health and Welfare Act more fully provides:

> the term **"disability" means (A) inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment** which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 months, **or (B) blindness; and the term "blindness" means central visual acuity of 20/200 or less in the better eye with the use of a correcting lens. An eye which is accompanied by a limitation in the fields of vision such**

8

> **that the widest diameter of the visual field subtends an angle no greater than 20 degrees shall be considered for purposes of this paragraph as having a central visual acuity of 20/200 or less**.

42 U.S.C. § 416(i)(1) (emphasis added).

Defendant notes that the ALJ found that Plaintiff had moderate restrictions in daily living, but that she has a driver's license, occasionally shops with her daughter, washes dishes, takes baths, and tries to walk at least twice a week. (Document No. 16, p.4, 7). In addition, Defendant contends that Plaintiff did not testify that her vision impeded her ability to drive, to watch television, or to work on a computer. (Document No. 16, p.7). Plaintiff did acknowledge that she got new glasses in 2009, which helped her see better, and that she needed a magnifying glass to help her read. Id.

Defendant argues that Plaintiff's medical record fails to support a claim that she is "legally blind" or has a disabling vision condition. (Document No. 16, p.8). Moreover, Defendant contends Plaintiff has failed to carry her burdens of production and persuasion that she is disabled or blind. Id. (citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987) and 42 U.S.C. §423(d)(5)(A)). Defendant concludes that the ALJ did not err by declining to find Plaintiff disabled based on her alleged blindness. (Document No. 16, p.7, 9).

"Plaintiff's Response…" (Document No. 19) was filed on June 15, 2015; however, this filing fails to persuasively address Defendant's arguments and authority. To the extent Plaintiff continues to argue that evidence of her alleged blindness was not considered by the SSA, the undersigned is convinced that the Appeals Council considered all the evidence Plaintiff has provided on this issue and correctly concluded that it does not provide an adequate basis for changing the ALJ's decision. (Document No. 19); see also (Tr. 1-4).

The undersigned observes that immediately following the hearing on July 1, 2013, Plaintiff executed an "Authorization To Disclose Information To The Social Security Administration

9

(SSA)" (Tr. 408) for Gaston Eye Associates. The SSA then sent a request for information to Gaston Eye Associates seeking information regarding Plaintiff between January 2012 and July 10, 2013. (Tr. 405). Apparently, Gaston Eye responded that Plaintiff had not been seen by them during that time period. Id.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's the "Summary Judgment 'Brief'" (Document No. 12) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 15) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure

to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

    **IT IS SO RECOMMENDED**.

Signed: January 28, 2016

David C. Keesler
United States Magistrate Judge