IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:14-cv-00655-RLV-DCK

| | |
|---|---|
| LIBBY DEREECE MYERS, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ACTING ) | |
| COMMISSIONER OF SOCIAL ) | |
| SECURITY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff Libby D. Myers' Objection to the Memorandum and Recommendation (the "M&R") of Judge David Keesler (hereinafter, the "Objection"). [Doc. No. 21]. In his M&R, Judge Keesler recommends that this Court deny the Plaintiff's Motion for Summary Judgment (Doc. No. 12), grant the Defendant's Motion for Summary Judgment (Doc. No. 15), and affirm the Commissioner of Social Security's decision to deny Plaintiff's claim for disability benefits. *See* [Doc. No. 20]. The Defendant has opposed the Plaintiff's Objection (Doc. No. 22), and Plaintiff has filed a sur-reply in support of her Objection (Doc. No. 23). This matter is now ripe for disposition.

The Federal Magistrate Act provides that a court may "designate a magistrate judge to conduct hearings . . . and to submit . . . proposed findings of fact and recommendations for the disposition [of motions for summary judgment.]" 28 U.S.C. § 636(b)(1)(B). "[A] district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983). "By contrast, in the absence of a timely filed objection, a district court

need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72, Advisory Committee Note).

After a careful review of the record in this case, the parties' briefs, and the M&R, the Court finds that Judge Keesler's M&R is supported by the record and is consistent with and supported by law. Plaintiff's Objection has not persuaded this Court that an error has been committed under any relevant standard of review.[1] Accordingly, the Court finds no error requiring remand.

**IT IS, THEREFORE, ORDERED THAT**

(1) The Plaintiff's Objection to the M&R (Doc. No. 21) is **OVERRULED**;

(2) The Memorandum and Recommendation (Doc. No. 20) is hereby **ADOPTED**;

(3) The Plaintiff's Motion for Summary Judgment (Doc. No. 12) is **DENIED**;

(4) The Defendant's Motion for Summary Judgment (Doc. No. 15) is **GRANTED**;

(5) The final decision of the Commissioner is hereby **AFFIRMED**; and

(6) The Clerk shall administratively terminate this case following entry of judgment.

**SO ORDERED**.

Signed: March 30, 2016

Richard L. Voorhees
United States District Judge

---

[1] Defendant argues that Plaintiff's Objection fails to lodge any specific objection to the M&R. Indeed, according to Defendant, Plaintiff has either made mere general objections to the M&R or reiterated her prior arguments under the guise of an objection. *See* [Doc. No. 22] at pp. 2-3. "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *See Anderson v. Dobson*, 627 F. Supp. 2d 619, 623 (W.D.N.C. 2007) (quoting *Aldrich v. Bock*, 327 F.Supp.2d 743, 747 (E.D. Mich. 2004)); *see also Jones v. Hamidullah*, 2005 U.S. Dist. LEXIS 36786, *7-8 (D.S.C. 2005). Absent a specific and timely filed objection, the Court reviews a M&R only for "clear error," and need not give any explanation for adopting the M&R. *Diamond*, 416 F.3d at 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir.1983). While the Court notes that the Defendant's position has merit, the Court finds that, regardless of the standard of review utilized (i.e., either "clear error" review or *de novo* review), the Plaintiff's Objection must fail.